UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

GABRIEL ROMERO,

    Plaintiff,

vs.

FOREVER PROPANE SALES & SERVICE,
INC. a Florida for-profit corporation; and
MANUEL C. ROSADO, individually,

    Defendants.

_____/

## **COMPLAINT AND JURY TRIAL DEMAND**

    Plaintiffs GABRIEL ROMERO through undersigned counsel, sue Defendants FOREVER PROPANE SALES & SERVICE, INC., a Florida for-profit corporation ("FPSS"), and MANUEL A. ROSADO, individually ("ROSADO"), and allege as follows:

    1.    This is an action for unlawful failure to pay overtime compensation as required by the federal Fair Labor Standards Act, 29 U.S.C. §207(a) ("FLSA"), and its implementing regulations.

    2.    This Court has jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. §1331, and the provisions of the FLSA, 29 U.S.C. §216(b).

    3.    Venue is proper in this Court as all actions complained of herein occurred in the Southern District of Florida.

    4.    Plaintiff at all relevant times was, and still is, a resident of Broward County, Florida, and are *sui juris*.

5. Defendant FPSS is, and at all relevant times was, a Florida for-profit corporation authorized to do business, and doing business in Broward County, Florida. FPSS is, and at all relevant times was, a seller and provider of propane gas for residential and commercial use that used, purchased, and sold materials and goods in interstate commerce, and had annual gross revenues in excess of $500,000.00.

6. Upon information and belief, Defendant ROSADO is, and at all relevant times has been, a resident of Broward County, Florida, and is *sui juris*. At all relevant times, ROSADO was and still is an owner, operator, and the President of FPSS, was and still is an agent of FPSS, acted in the course and scope of his employment and agency as owner, operator, and the President of FPSS with regard to Plaintiff, and oversaw, supervised, and controlled the day-to-day operations of FPSS.

7. At all relevant times FPSS was and still is an "employer" under the FLSA for purposes of enterprise coverage in that it was an enterprise that had two or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and had gross annual revenues of not less than $500,000.00. In addition, ROSADO was at all relevant times, and still is, a statutory "employer" under the FLSA in that he acted, directly or indirectly, on behalf of FPSS in relation to Plaintiff, and regularly exercised authority to hire and fire employees of FPSS, determined the work schedules of employees of FPSS, set the rates of pay and compensation for employees of FPSS, controlled the finances and operations of FPSS, and oversaw, supervised, and controlled the day-to-day operations of FPSS.

8. At all times during their employment with Defendants, Plaintiff was a non-exempt employee who regularly worked over 40 hours in one or more work weeks.

9. Plaintiff was employed by Defendants from in or about June 2014 until on or about February 1, 2016. For the first 12 months of his employment, until; June 2015, Plaintiff was paid a regular hourly rate of $12.00. After the first 12 months of his employment and until the termination of his employment, Plaintiff was paid a regular hourly rate of $13.00.

10. Throughout his employment, Plaintiff regularly worked more than 40 hours in one or more of the work weeks he worked. He regularly worked six days per week, with scheduled work hours from 7:00 a.m. through 5:00 p.m. on Mondays through Fridays, and from 7:00 a.m. to 4:00 p.m. on Saturdays. Approximately one time per month during his employment his work on hours on a Saturday would be from 7:00 a.m. to 1:00 p.m. Plaintiff estimates that he worked a total of 1200 overtime hours, with 770 of those hours when his regular hourly rate was $12.00, and 430 hours when his regular hourly rate was $13.00. During his employment, Plaintiff would be paid by Defendants for his overtime hours in cash, but was paid only straight time, not the extra half-time premium required by the FLSA. Plaintiff estimates that he is thus owed approximately $7,415.00 in unpaid half-time overtime compensation.

11. While Plaintiff kept and maintained some of his pay and time records, the complete records of the compensation actually paid to Plaintiff are currently in the possession, custody, and control of Defendants. Upon information and belief, however, Defendants have failed to keep and maintain all the required records of hours worked and wages paid per the record-keeping requirements of the FLSA.

12. All conditions precedent to the filing of this action have been satisfied, waived, or otherwise excused.

13. Plaintiff has hired the undersigned law firm to represent him in this case and has agreed to pay the firm a reasonable fee for its services.

## COUNT I – UNPAID OVERTIME VIOLATION OF FLSA

14. Plaintiff re-alleges paragraphs 1 through 13 as if set forth fully herein.

15. Under the FLSA, Defendants were obligated to pay Plaintiff time and one-half of his regular hourly pay rate for all hours worked in excess of 40 hours per work week. Plaintiff worked in excess of 40 hours per work week in one or more weeks, but was not paid the extra half his regular hourly rates for any of the overtime hours he worked, as required by the FLSA.

16. Defendants have failed and refused to pay Plaintiff the required extra one-half his regular hourly rate for each work week in which he worked overtime hours in excess of 40 hours per work week, in violation of the FLSA overtime requirements of 29 U.S.C. §207(a).

17. As a direct and proximate result of Defendants' violations of the FLSA, Plaintiff has suffered damages equal to the extra one-half his regular hourly rates for all hours worked in excess of 40 hours per work week, plus double that amount in liquidated damages as provided by the FLSA. Plaintiff's estimates unpaid overtime is alleged in paragraph 10 above.

18. Defendants engaged in their overtime pay violations under the FLSA willfully, intentionally, and in reckless disregard of Plaintiff's rights under the law.

19. Plaintiff is also entitled to recover his costs, expenses, and reasonable attorney's fees under the FLSA.

20. At all relevant times, Defendants were aware that their non-exempt employees such as Plaintiff were required to be paid time and one-half their regular hourly rate for all hours worked in excess of 40 in a work week. Defendants were also fully aware that the FLSA imposed certain record keeping requirements on them with regard to keeping track of the time each employee, including Plaintiff, worked each work day and each work week. Despite this knowledge, Defendants failed to comply with their FLSA record keeping obligations, and failed

to pay Plaintiff the full amount of the required time and one-half overtime premium as required by the FLSA. Defendants thus acted willfully in connection with their failure and refusal to pay Plaintiff any overtime he worked, entitling Plaintiff to recover his unpaid overtime for a period of three (3) years preceding this filing of this lawsuit and also recover full liquidated damages as provided by the FLSA.

WHEREFORE, Plaintiff ROMERO demands judgment against Defendants, jointly and severally, for the following relief:

1. A declaration that Defendants are in willful violation of the FLSA by failing to pay Plaintiff all due overtime compensation for a period covering three (3) years preceding the filing of this lawsuit;
2. An award to Plaintiff of all unpaid overtime as required under the FLSA,
3. An award to Plaintiff of liquidated damages equal in amount to the unpaid overtime award,
4. An award to Plaintiff of all costs, expenses, and reasonable attorney's fees incurred in this case, and
5. Such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable.

DATED: March 30, 2017.

        RODERICK V. HANNAH, ESQ., P.A.
        Attorneys for Plaintiff
        8751 W. Broward Blvd., Ste. 303
        Plantation, Florida 33324
        Telephone: (954) 362-3800
        Facsimile: (954) 362-3779
        Email: rhannah@rhannahlaw.com

        By /s/ *Roderick V. Hannah*
           Roderick V. Hannah
           Fla. Bar No. 435384